**Jeffrey Roger MIMS, et al.**

v.

**Milton SHAPP, et al.**

**Frederick BURTON**

v.

**William B. ROBINSON, et al.**

**Milton Shapp, et al. and William B. Robinson, et al., Appellants.**

**No. 82–5107.**

United States Court of Appeals,
Third Circuit.

Submitted Under Rule 12(6) on
Sept. 29, 1982.

Resubmitted In Banc March 7, 1983.

Decided March 21, 1983.

LeRoy S. Zimmerman, Atty. Gen. by Jose Hernandez-Cuebas, Deputy Atty. Gen., Pittsburgh, Pa., Maria Parisi Vickers, Deputy Atty. Gen., Philadelphia, Pa., for appellants.

Paul R. Gettleman, Zelienople, Pa., Deborah A. DeAugustino, Egler & Reinstadtler, Pittsburgh, Pa., for appellees.

Before ALDISERT and HIGGINBOTHAM, Circuit Judges, and MEANOR,* District Judge.

---

* Honorable Curtis H. Meanor, United States District Court for the District of New Jersey, sitting by designation.

Resubmitted In Banc before SEITZ, Chief Judge, ADAMS, GIBBONS, HUNTER, GARTH, WEIS, HIGGINBOTHAM, SLOVITER and BECKER, Circuit Judges.

## OPINION OF THE COURT

PER CURIAM.

This appeal arises from a § 1983 action brought by Frederick Burton, an inmate at the Western Penitentiary (also known as the State Correctional Institution at Pittsburgh) against Pennsylvania prison officials and other state officers. Burton was placed in administrative confinement as a result of his involvement in the stabbing deaths of the warden and deputy warden at Holmesburg Prison when he was an inmate there. He was transferred first to Graterford Prison and then to the Western Penitentiary; he remained in administrative confinement at those institutions for a total of five years. Burton filed this suit alleging that the procedures used by the prison officials at the Western Penitentiary in periodically re-evaluating his segregated confinement were insufficient to protect his due process rights. Following a non-jury trial, the district court concluded that Burton's constitutional rights had been violated and awarded him compensatory damages and attorney's fees.

The various officials appealed the judgment of the district court, arguing that: (1) they did not violate Burton's constitutional rights; (2) if they did, they were immune from liability for damages; and (3) if they were not immune, damages were incorrectly assessed. A panel of this Court affirmed the judgment of the district court. The full Court then voted to vacate the judgment and opinion of the panel and to reconsider this case in banc, primarily because of the pendency in the Supreme Court of Hewitt v. Helms, 455 U.S. 999, 102 S.Ct. 1629, 71 L.Ed.2d 865 (1982) (granting certiorari), a case involving the due process rights of inmates placed in administrative confinement in Pennsylvania prisons.

On February 22, 1983, the Supreme Court issued its judgment in Hewitt v. Helms, —— U.S. ——, 103 S.Ct. 864, 74 L.Ed.2d 675 (1983). The majority opinion discussed at length the procedural safeguards that the state is required to provide before a prisoner is initially placed in administrative confinement. Although the appeal now before us concerns the procedures to be used in evaluating the need to *continue* an inmate in administrative confinement, those two issues are sufficiently similar that we conclude that the case should be remanded to the district court for reconsideration in light of *Hewitt*. Because the opinion in *Hewitt* analyzed the question of what process is due in the administrative confinement setting somewhat differently from the manner employed by the district court in this case, additional fact-finding may be necessary to resolve the questions presented. Accordingly, the judgment of the district court will be vacated and the matter remanded for further consideration consistent with this opinion.